IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-CR-401-RAH |
| | ) | |
| JAMES ELLINGTON | ) | |

## ORDER

Pending before the Court is the Motion to Continue Trial (Doc. 116) filed by Defendant James Ellington on September 30, 2024.  Jury selection and trial are currently set in this case on the term of court commencing on October 21, 2024.  For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  However, the Act excludes from the seventy-day period

any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(7)(A).  In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).  The Court may also exclude "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D).

The Defendant is charged under the Armed Career Criminal statute and is subject to a mandatory minimum sentence of 15 years of imprisonment.  Given the seriousness of the charge, counsel requests additional time to investigate and prepare for a trial or plea negotiations.  In addition, a motion to suppress remains pending. Thus, it is clear additional time is necessary to prepare. The Government does not oppose the request.

For good cause, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial.  Accordingly, it is

ORDERED as follows:

(1) The Unopposed Motion to Continue Trial (Doc. 116) is GRANTED;

(2)  Jury selection and trial are CONTINUED from October 21, 2024, to the term of court commencing on **January 6, 2025, at 10:00 a.m.** in Montgomery, Alabama.  All deadlines tied to the trial date, including the deadline to enter a plea, are adjusted accordingly.

(3)  The United States Magistrate Judge shall conduct a pretrial conference prior to the January 2025 trial term.

DONE, on this the 3rd day of October 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE